# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CASILLAS,<br><br>    Plaintiff,<br><br>    v.<br><br>L. D. ZAMORA, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-00337-SKO (PC)<br><br>FIRST SCREENING ORDER DISMISSING DUE PROCESS CLAIM WITH PREJUDICE AND DISMISSING EIGHTH AMENDMENT CLAIM WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.**    **Screening Requirement and Standard**

    Plaintiff Juan Casillas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 10, 2014. Plaintiff's claims arise from events which occurred at Avenal State Prison ("ASP") in Avenal, California.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

   **A.     Plaintiff's Allegations**

Plaintiff, who is incarcerated at ASP in Avenal, California, brings this action against L. D. Zamora, Chief of Health Care Services; Doctor D. Greenleaf; and Physician Assistant Hitchman for violating his right to medical care under the Eighth Amendment of the United States Constitution. Plaintiff also alleges Defendants violated his right to due process with respect to actions taken during the course of reviewing and resolving his inmate appeal.

Plaintiff alleges that in 2001, he sustained injuries in a fall while working for a plastering company. Plaintiff had arthroscopic surgery on his right knee, and he underwent three more surgeries between 2002 and 2003. On November 11, 2005, Plaintiff had back surgery, and he

2

alleges "difficulty with self-care/personal hygiene, standing and walking." (Doc. 1, Comp., court record p. 5.)

On November 18, 2010, Plaintiff was examined by Philip A. Sobol, M.D., an orthopedist, for "low back pain radiating to the bilateral lower extremities" and "bilateral knee pain."[1] (*Id.*, Ex. B, court record p. 28.) Dr. Sobol opined that Plaintiff required an additional course of treatment, and he provided Plaintiff with an OrthoStim3 unit to treat lower back muscle spasms; a right knee brace for support and stabilization; and an LSO brace for support and stabilization.[2] (*Id.*, p. 33.) Dr. Sobol recommended that Plaintiff undergo an MRI of his lumbar spine and an ultrasound of his right knee. (*Id.*) Dr. Sobol also opined that Plaintiff was "considered temporarily totally disabled from an orthopedic standpoint for a period of four to six weeks." (*Id.*) Plaintiff thereafter had a lumbar spinal MRI on December 4, 2010. (*Id.*, pp. 37-8.)

On December 6, 2012, Plaintiff, by then incarcerated, was removed from "DPM status."[3] In June 2013, Plaintiff filed a CDC 1824 Reasonable Modification or Accommodation Request form complaining about "considerable" right knee and lower back pain, and requesting his medication and DPM status be reinstated. (*Id.*, pp.5-6, 20.) Plaintiff's 1824 form was forwarded to the health care appeals office for review as a health care appeal because it did not meet the criteria for ADA (Americans with Disabilities Act) processing. (*Id.*, p. 20.) Plaintiff was interviewed by Defendant Hitchman at the first level of review and his appeal was then denied by Dr. Boparai on July 26, 2013. Following denial of the appeal at the second level of review on October 13, 2013, the appeal was denied on January 27, 2014, at the third and final level of review by J. Lewis on behalf of Defendant Zamora.

In the course of addressing Plaintiff's appeal, Defendant Hitchman documented Plaintiff's chronic right knee pain and noted that there were "no objective findings that are consistent with [his] complaints," and no further neurological or surgical intervention was indicated at that time.

---

[1] It is unclear whether Plaintiff was in custody at that time.

[2] LSO brace is not defined in the complaint or medical report.

[3] DPM is a state prison disability placement program designation. (Comp., p. 25.)

3

1  (*Id.*, p. 20.)   Plaintiff alleges that Defendant Hitchman's findings are "a total and blatant
2  contradiction" of Dr. Sobol's findings.

3  Defendant Greenleaf examined Plaintiff on June 19, 2013, and declined to renew
4  Plaintiff's Gabapentin prescription due to non-compliance.  Plaintiff alleges he did not collect his
5  medication on two occasions because his pain was not too severe and he was supposed to take
6  Gabapentin only as needed.  Plaintiff alleges that Defendant Greenleaf erred in finding he was
7  non-compliant, in violation of his due process rights.  Plaintiff also alleges that Defendant
8  Greenleaf's findings regarding ambulation with no significant limp, signs of pain, or balance
9  problems; no effusion or crepitus of the right knee; and an essentially normal exam contradicted
10  Dr. Sobol's findings.

11  Plaintiff alleges that Defendant Zamora "merely mirrored and parroted" Defendants
12  Hitchman and Greenleaf's findings at the lower level of appeal, and Zamora failed to examine,
13  evaluate, or monitor Plaintiff.  (*Id.*, p. 10.)  Plaintiff also alleges that Defendant Zamora did not
14  thoroughly review the record in deciding his appeal, in violation of his due process rights.

15  **B.    Due Process Claim**

16  To state a viable claim under section 1983, Plaintiff must demonstrate that Defendants
17  deprived him of a right secured by the Constitution or federal law.  *Long v. County of Los Angeles*,
18  442 F.3d 1178, 1185 (9th Cir. 2006).  To the extent Defendants interfered with Plaintiff's
19  constitutional right to adequate medical care, the Eighth Amendment provides redress.  However,
20  there is no constitutional entitlement to a prison grievance procedure, and Plaintiff may not pursue
21  a separate claim for denial of due process arising out of his dissatisfaction with how Defendants
22  investigated or otherwise addressed his inmate appeal.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th
23  Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).   Because the deficiency in
24  Plaintiff's due process claim is not capable of being cured through amendment, the claim shall be
25  dismissed, with prejudice.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v.*
26  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

27  ///

28  ///

4

### C.     Eighth Amendment Claim

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Chronic conditions which cause pain or otherwise require treatment may constitute serious medical needs. *Wilhelm*, 680 F.3d at 1122; *Lopez*, 203 F.3d at 1131. At the pleading stage, Plaintiff's allegation that he has chronic back and knee problems which cause him considerable pain suffices to satisfy the objective element of an Eighth Amendment.[4] *Wilhelm*, 680 F.3d at 1122; *Lopez*, 203 F.3d at 1131.

Plaintiff's allegations, however, do not suffice to satisfy the subjective element. *Wilhelm*, 680 F.3d at 1122. The mere fact that Defendants Hitchman and Greenleaf's medical opinions differed from those made by Dr. Sobol two and a half years earlier does not support a claim of deliberate indifference. *Id.* The Court notes the significant passage of time between Dr. Sobol's findings and Defendants' findings; however, neither a disagreement between medical providers

---

[4] Plaintiff's request to prison officials to be placed back on DPM status is not discussed in any detail, and the Court cannot determine whether medical staff's decision not to reinstate DPM status might support an Eighth Amendment claim.

nor Plaintiff's disagreement with his medical providers supports a claim under the Eighth Amendment. *Id.* at 1122-23.

With respect to Defendant Zamora, Plaintiff's complaint provides no basis for the imposition of liability. First, Defendant Zamora did not personally respond to Plaintiff's appeal, as Plaintiff acknowledges, and Plaintiff may not seek to impose liability under section 1983 on the basis of *respondeat superior*. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).

Second, the administrative review of Plaintiff's inmate appeal conducted at the California Department of Corrections and Rehabilitation headquarters in Sacramento does not render remotely-located appeals staff liable for medical care decisions made by Plaintiff's primary care providers located at ASP. *See Peralta*, 744 F.3d at 1086-87. Stated differently, there is no factual support for a claim that, in administratively reviewing and denying Plaintiff's inmate appeal, Director's Level appeals staff in Sacramento acted with deliberate indifference to Plaintiff's medical needs. *Id.* Plaintiff's disagreement with the acceptance of the lower level appeal findings and with the denial of his appeal simply does not support an Eighth Amendment claim. *Id.*

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The deficiency in Plaintiff's due process claim is not curable through amendment, but the Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies in his Eighth Amendment claim. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights, *Jones*, 297 F.3d at 934. Plaintiff must demonstrate a causal connection between each defendant's conduct and the violation of his rights; liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Crowley*, 734 F.3d at 977; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Further, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's due process claim is dismissed, with prejudice, for failure to state a claim;
2. Plaintiff's Eighth Amendment claim is dismissed, with leave to amend, for failure to state a claim;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 9, 2014**                    /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE