# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CASILLAS,<br><br>    Plaintiff,<br><br>    v.<br><br>L. D. ZAMORA, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00337-SKO (PC)<br><br>SECOND SCREENING ORDER DISMISSING STATE LAW TORT CLAIMS FOR LACK OF JURISDICTION AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 FOR VIOLATION OF THE EIGHTH AMENDMENT<br><br>(Doc. 8) |

**Second Screening Order**

**I.  Screening Requirement and Standard**

Plaintiff Juan Casillas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 10, 2014.  On October 9, 2014, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983.  Plaintiff filed an amended complaint on January 26, 2015.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),

(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.     Discussion

### A.     Plaintiff's Allegations[1]

Plaintiff is currently incarcerated at Golden State Correctional Facility in McFarland, California.  His claims arise from events which occurred at Avenal State Prison in Avenal, California.  Plaintiff brings this action against Doctor Greenleaf and S. Hitchman, a Physician Assistant, for violating his right to medical care under the Eighth Amendment of the United States Constitution.  Plaintiff also alleges tort claims under state law.

---

[1] Plaintiff refers to the exhibits attached to his original complaint, and the Court will take those exhibits into consideration in reviewing Plaintiff's allegations in his amended complaint.

2

In 2001, Plaintiff injured his right knee and lower back when he fell from a scaffold while working for a plastering company. Plaintiff had arthroscopic surgery on his right knee, followed by physical therapy. Between 2002 and 2003, Plaintiff underwent three right knee surgeries and on November 11, 2005, Plaintiff underwent back surgery. Approximately five years later and while out of custody, Plaintiff was examined on November 18, 2010, by Philip A. Sobol, M.D., an orthopedist, for "low back pain radiating to the bilateral lower extremities" and "bilateral knee pain." (Doc. 1, Comp., Ex. B, court record p. 28.) Dr. Sobol opined that Plaintiff required an additional course of treatment, and he provided Plaintiff with an OrthoStim3 unit to treat lower back muscle spasms; a right knee brace for support and stabilization; and an LSO brace for support and stabilization.[2] (*Id.*, p. 33.) Dr. Sobol stated, "Pending the patient's response to treatment, additional treatment recommendations will be made as appropriate." (*Id.*) Dr. Sobol also recommended that Plaintiff undergo an MRI of his lumbar spine and an ultrasound of his right knee, and he opined that Plaintiff was "considered temporarily totally disabled from an orthopedic standpoint for a period of four to six weeks." (*Id.*) Plaintiff thereafter underwent a lumbar spinal MRI on December 4, 2010. (*Id.*, pp. 37-8.)

In June 2013, Plaintiff filed an inmate appeal complaining about considerable pain in his right knee and lower back with radiating pain down his right leg. Plaintiff also complained about his knee locking up in the morning, which caused him severe pain, and loss of balance and normal mobility. At the first level of review, Plaintiff was interviewed by Defendant Hitchman, who documented his right knee pain, noted Plaintiff's past surgeries, and noted the absence of objective findings consistent with Plaintiff's complaint. (Doc. 1., Comp., p. 20.) Defendant Hitchman documented that Plaintiff was to continue as currently directed regarding his medical management and no further recommendation for neurology or surgical intervention was indicated at that time. (*Id.*)

At the second level of review, Plaintiff's earlier evaluation by Defendant Greenleaf on June 19, 2013, was addressed. Defendant Greenleaf documented that Plaintiff "ambulated with no

---

[2] LSO brace is not defined in the complaint or medical report.

significant limp, signs of pain, or balance problems, and his knee had no effusion or crepitus, a negative McMurray test, and essentially a normal exam." (*Id.*, p. 23.)  Defendant Greenleaf decided not to review Plaintiff's Gabapentin, a pain medication, due to noncompliance, but Plaintiff remained on Naproxen, 500 mg. twice a day as needed for pain.  The second level appeal decision also addressed Defendant Hitchman's determination on July 19, 2013, that Plaintiff did not need narcotic pain medication and he "had excellent function and no dysfunction with activities of daily living." (*Id.*)  Plaintiff's appeal was subsequently denied at the third and final level of review on January 14, 2014.  (*Id.*, pp. 24-5.)

Plaintiff alleges that Defendants' opinions were contrary to that of Dr. Sobol and he faults Defendant Hitchman for merely interviewing him rather than examining him.  Plaintiff also alleges that Defendant Greenleaf's examination of him was cursory and it did not address his back pain.

B.     **Eighth Amendment Claim**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Chronic conditions which cause pain or otherwise require treatment may constitute serious medical needs. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). At the pleading stage, Plaintiff's allegation that he has chronic back and knee problems which cause him considerable pain suffices to satisfy the objective element of an Eighth Amendment claim. *Wilhelm*, 680 F.3d at 1122; *Lopez*, 203 F.3d at 1131.

However, Plaintiff's allegations do not suffice to satisfy the subjective element. *Wilhelm*, 680 F.3d at 1122. Plaintiff's mere disagreement with the medical opinions of Defendants Hitchman and Greenleaf does not give rise to a claim for relief under the Eighth Amendment, and while Plaintiff attempts to frame his claim as one arising from Defendants' disregard of his specialist's recommendation, there are two problems with this theory. First, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Thus, any mere disagreement between Defendants and Dr. Sobol does not support a claim for relief.

Second, Plaintiff's allegations and exhibits do not support a reasonable inference that Defendants' opinions were in fact contradictory to Dr. Sobol's recommendations. Defendants interviewed and examined Plaintiff for his appeal approximately two and a half years after he was treated by Dr. Sobol. In addition, Defendants' determinations regarding Plaintiff's medical condition in June and July 2013 were not contradictory to Dr. Sobol's recommendation in 2010. Dr. Sobol recommended an additional course of treatment, he prescribed that additional course of treatment, he ordered an MRI, and he stated that additional treatment recommendations would be made as appropriate. (Doc. 1, Comp., p. 33.) Thus, notwithstanding the fact that Dr. Sobol's evaluation was remote temporally from Plaintiff's evaluation by Defendants, his report provides no basis for a plausible claim that Defendants' determinations were "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted). Accordingly,

the Court finds that Plaintiff's allegations against Defendants Hitchman and Greenleaf do not support a claim for relief under section 1983 for violation of the Eighth Amendment.

### C.  State Law Claims

In addition to his Eighth Amendment medical care claim, Plaintiff alleges three separate claims under state law, under theories of negligence and intentional infliction of emotional distress.  The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it."  *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).  Because Plaintiff has not alleged a viable claim under the Eighth Amendment against Defendants Hitchman and Greenleaf, the Court lacks jurisdiction over his state law tort claims and they must be dismissed, without prejudice.[3]

## III.  Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided with the opportunity to amend and he was unable to cure the deficiencies.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130.  Based on the nature of the deficiencies, further leave to amend is not warranted, and the Court HEREBY ORDERS as follows:

1. Plaintiff's state law tort claims are dismissed, without prejudice, for lack of jurisdiction;

2. This action is dismissed, with prejudice, for failure to state a claim under section 1983 for violation of the Eighth Amendment; and

///

---

[3] Plaintiff also fails to allege compliance with the Government Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act.  *Shirk*, 42 Cal.4th at 209; *Bodde*, 32 Cal.4th at 1239; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

3. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:     **October 25, 2015**                            **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE